IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. McCARTER,

        Plaintiff,

vs.                            Case No. 13-2238-SAC

CAROLYN W. COLVIN,
Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action seeking review of the final decision of the Commissioner of Social Security that plaintiff was not disabled (Doc. 1). Plaintiff has filed a motion to proceed without prepayment of fees (Doc. 3). Plaintiff indicates in his affidavit that he is unemployed, with no cash on hand, and no income. On these facts, the court finds that good cause has been shown to waive the payment of the filing fee.

Plaintiff has also filed a motion for the appointment of counsel (Doc. 4). Plaintiff indicates that he has only contacted one attorney,[2] and he does not indicate that he contacted the Lawyer Referral Service to get the names of lawyers in the Kansas City area who handle social security disability cases, which is required before the court will

---

[1] Carolyn W. Colvin became Acting commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

[2] The attorney contacted has no history of representing social security disability claimants.

consider appointing an attorney for a pro se litigant (Doc. 4 at 1).

There is no constitutional right to appointment of counsel in a civil case. Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995); Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). 28 U.S.C. § 1915(e)(1) states that the court may request an attorney to represent any person unable to afford counsel. The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. Williams v. Meese, 926 F.3d 994, 996 (10th Cir. 1991). Because of plaintiff's failure to contact the Lawyer Referral Service to get the names of attorneys who handle social security disability cases, and his failure to contact any attorney who represents social security disability claimants, the motion for appointment of counsel will be denied. However, the court would advise plaintiff to contact the Lawyer Referral Service and continue to seek representation before the Commissioner files his answer along with the administrative record.

IT IS THEREFORE ORDERED that the motion to proceed without prepayment of fees (Doc. 3) is granted. The Clerk shall immediately prepare and issue summons to the US Marshal or Deputy Marshal, who are appointed pursuant to Fed.R.Civ.P. 4(c)(3).

IT IS FURTHER ORDERED that the motion for appointment of counsel (Doc. 4) is denied.

Dated this 22nd day of May, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge